UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SANDRA K DEHART, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) No. 1:12-cv-00861-MJD-SEB |
| CAROLYN W. COLVIN Acting Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER ON MOTION FOR ATTORNEYS' FEES**

This matter is before the Court on Plaintiff Sandra DeHart's Application for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Dkt. 26]. Plaintiff seeks an award of attorneys' fees in the amount of $9700.83 following the Court's entry of final judgment [Dkt. 25] remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further proceedings.

I.   **Legal Standard**

The EAJA requires that, in a suit by or against the federal government, the court award to a prevailing party (other than the United States) her attorneys' fees and expenses, unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. 28 U.S.C. § 2412(d). Financial means tests also affect eligibility for a fee award, § 2412(d)(2)(B), but those tests rarely come into play for a person seeking disability benefits under the Social Security Act. The party's motion to recover her fees must be timely and supported by an itemized statement from the party's attorney "stating the actual time expended

and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The amount of attorneys' fees must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a maximum rate of $125.00 per hour plus an increase based on the cost of living if a fee higher than $125.00 is justified. 28 U.S.C. § 2412(d)(2)(A).

## II.     Discussion

The Commissioner raises two arguments in opposition to Plaintiff's fee request: 1) the Court should exclude some of the hours Plaintiff's attorney expended on the case as they were excessive, not reasonably expended and/or involved non-attorney tasks; and 2) any EAJA fees awarded by this Court should be paid directly to the Plaintiff and not Plaintiff's counsel.

When reviewing an EAJA award, the court must exclude hours that were not reasonably expended. *Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). Plaintiff's attorney provided an itemized statement totaling 52.7 hours of time the attorney expended in this case. Plaintiff seeks an award at the hourly rate of $182.91 for 33 hours of work performed in 2012 and $186.03 for 19.7 hours performed in 2013, including the cost of living increase.[1] The Commissioner argues that these hours are excessive given the circumstances of the case. Mainly, the Commissioner argues that the record was not that long at 612 pages and the issues were not unique or complex. The Commissioner implies that, because the Plaintiff's attorney's practice is almost exclusively limited to representing disability claimants, then the amount of time Plaintiff's attorney claims to have expended is unreasonable and excessive. However, Plaintiff's counsel only represented Plaintiff since the time of appeal to the District Court and therefore had

---

[1] The Commissioner does not object to Plaintiff's request for a cost of living increase. After reviewing the exhibits Plaintiff attached in this matter, the Court finds that a cost of living increase is justified.

to familiarize himself with the record. In light of the circumstances of this case, the Court finds the amount of time claimed by Plaintiff's counsel to be reasonable, which is consistent with other courts that have found similar amounts of time to be reasonable. *See Snider v. Astrue*, No. 1:08-CV-53, 2009 WL 1766925, *4-5 (N.D. Ind. June 23, 2009); *Sayles v. Barnhart*, No. 00 C 7200, 2002 WL 989455,*3 (N.D. Ill. May 14, 2002); *Schutt v. Massanari*, N. 00 C 1370, 2001 WL 1155253, *3 (N.D. Ill. Sept. 28, 2001).

The Commissioner also argues that some of the time entries should be stricken as clerical or administrative in nature. The Commissioner points to an entry regarding signing an agreement for legal services and other forms. However, this entry indicates that counsel "*met with [the] client*, signed agreement of legal services and other forms." [Dkt. 26-1, emphasis added.] Counsel logged .5 hours for this entry. The Court finds that meeting with the client and working with the client to help the client understand the legal forms were necessary reasonable expenditures of counsel's time. The Commissioner also points to the entry where counsel prepares a motion for extension of time. Specifically, this entry indicates that counsel "reviewed [the] briefing schedule, prepared and filed motion for enlargement of time to file brief." Counsel logged .2 hours for this entry. The Court finds that it was not unreasonable for counsel for Plaintiff to expend .2 hours in this manner. Accordingly, the Court finds the itemization in Plaintiff's request for fees to be sufficient.

Next, the Commissioner argues that this Court should award EAJA fees to the Plaintiff and not her counsel. The Supreme Court has held that an EAJA award is payable to the litigant and is therefore subject to a Government offset to satisfy any pre-existing debt that the litigant owes to the United States. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). However, the Supreme Court went on to note that payments can be made directly to counsel in instances where the

plaintiff does not owe a debt to the government and has assigned his or her right to receive the fees to the attorney. *Id*. at 2529. Plaintiff has filed a copy of such an assignment executed by Plaintiff in favor of counsel. [Dkt. 26-4.] Therefore, the Court orders that the Commissioner pay counsel for Plaintiff directly, less any debt owed by Plaintiff to the federal government.

### III.  Conclusion

For the foregoing reasons, Plaintiff's motion for an award of attorney's fees [Dkt. 26] under the EAJA for the amount of $9700.83 is **GRANTED**.

Date: 12/19/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Nicholas Thomas Lavella
O'RYAN LAW FIRM
nlavella@oryanlawfirm.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov